### 32157. GREEN v. THE STATE.

DECIDED JANUARY 15, 1949.

*M. G. Hicks*, for plaintiff in error.

*E. J. Clower, Solicitor-General*, contra.

MacIntyre, P. J. The defendant Green was indicted for murder and found guilty of voluntary manslaughter. He moved for a new trial which was overruled and he excepted.

What has been said in headnote 1 of this opinion requires no elaboration.

The jury was authorized to find, as testified by Press Lester,

a witness for the State, that around eight or nine o'clock at night Lester and the deceased, William Wheeler Harrison (known as "Coaster") went to the house of a girl, Flo Robbins, and found the defendant, William N. Green, present. "We stayed there a pretty good while. · Him, Coaster and this girl [Flo Robbins] was in the back room and me and this here Norris Green was sitting in the front room. Coaster and Flo was in the back room talking. Green and me was sitting down. Coaster hadn't said a thing to Green. We stayed there about fifteen or twenty minutes. . . We left the house, me and Coaster Boy, we started to another friend's house down the street on Pennington Street. This Coaster Boy looked and see'd this girl [Flo] coming out of the house, I said, 'I wouldn't go back up there.' That is [to] the house we just left. When he [the deceased] see'd this girl coming out of the house, he turned around and come back up to the house. Yes sir, I come on behind him. . . Her sister, two of her sisters and another man come up and said, 'Don't none of you hurt my wife.' Coaster was standing up, laying up at the side of the car door, kind of on the side, up against the door. Coaster was talking to Green [who was in the car]. That was on the side of the steering wheel. They were talking about this girl [Flo]. Green wasn't saying nothing. Coaster said: 'Well, how come you keep sitting there?' Green told him he was just waiting. Coaster, who was drinking, said: 'Well what you waiting about. I done told that girl not to go. She ain't going.'" The jury was further authorized from the evidence and the statement of the defendant to find that the defendant was waiting in his automobile to take the girl Flo, as she had requested, to a funeral home to see a girl who had been killed on Christmas Day, and that the defendant would not or did not promise the deceased that he would not take her, but remained silent, sitting in his car at the curb in front of Flo's house and that the deceased told the defendant to "get the hell out" of the car and had snatched [at?] the car whereupon the defendant kicked open the door of the car and got out and as he came out of the car the deceased grabbed him by the collar and started swinging at him with his fist and in the fight that immediately followed the defendant stabbed and killed the deceased who had no weapon. It follows that the jury was authorized to find from

the evidence and the statement of the defendant that there was no actual or apparent necessity for the defendant to slay to save his own life or prevent the commission of a felony upon him, but stabbed and killed the deceased in hot blood engendered by the deceased's committing an unjustifiable assault and battery upon the defendant. It follows that the jury was warranted in finding against the defense of justifiable homicide and in returning a verdict of voluntary manslaughter, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*